# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TIMOTHY FLYNN,

        Petitioner,                                 Case Number: 16-13388
                                                               Honorable Mark A. Goldsmith

v.

SHERRY BURT,

        Respondent.

_____/

## OPINION & ORDER
## (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1), (2) DENYING A CERTIFICATE OF APPEALABLITY, AND (3) GRANTING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

Petitioner Timothy Flynn, currently in the custody of the Michigan Department of Corrections, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his convictions for three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(b)(i). The petition raises two claims. For the reasons explained below, the Court denies the petition. The Court denies a certificate of appealability and grants Petitioner leave to proceed on appeal in forma pauperis.

## I. BACKGROUND

Petitioner's conviction arises from his sexual acts with his girlfriend's teenage daughter, A.T. The prosecution presented a single witness, A.T., who was fifteen years old at the time of trial. She testified that Petitioner was her mother's boyfriend and had been like a father to her since she began living with him when she was seven years old. See 2/27/13 Tr., Ex. 11 to Rule 5 Filing, at 67 (Dkt. 7-11). A.T.'s relationship with Petitioner changed when A.T. was twelve years old. Petitioner began touching her chest and vagina. Id. at 75-76. She specifically recalled an

incident in December 2011, when she was either thirteen or fourteen. She and Petitioner were watching television in Petitioner's bedroom when Petitioner began touching her vagina over her clothes, then moved his hand under her clothes and underwear and penetrated her vagina with his finger. Id. at 82-86. He told her not to tell anyone or they would both get in trouble. Id.

A.T. also testified that Petitioner touched her in January 2012. They were again watching television in Petitioner's bedroom when Petitioner touched her on the outside of her clothing. Id. at 95. He then took off her clothes and penetrated her vagina with his tongue. Id. Finally, in March 2012, Petitioner penetrated her vagina with his penis. Id. at 92-93.

A.T. did not tell anyone about the abuse until April 2012, when she told her step-mother. Id. at 107. Police investigated and A.T. began living with her father and step-mother. Id. A.T.'s mother did not believe the allegations. Id. at 107-108.

Petitioner presented numerous witnesses who testified that A.T. was not a truthful person. A.T.'s mother Jacalynn T. testified that, beginning sometime in 2010, A.T. began telling lies. See 3/1/13 Tr., Ex. 13 to Rule 5 Filing, at 31-34 (Dkt. 7-13). The lies became more serious and frequent as time went on. For example, A.T. lied about people dying, having cancer, and being killed in car crashes. Id. at 36. Jacalynn T. sought psychological help for A.T., but she saw no improvement. Id. at 36-46. Petitioner's niece testified that she was close friends with A.T., but no longer communicated with A.T. after April 2012. Id. at 110. She characterized A.T. as a person who is "not very truthful" and has a "reputation of a liar." Id. at 108. Two of A.T.'s former classmates, N.L. and B.H., testified that she has a reputation for being untruthful. Id. at 120, 122, 126-129.

Petitioner did not testify in his own defense.

Following a bench trial in Macomb County Circuit Court, Petitioner was found guilty of three counts of first-degree criminal sexual conduct. On April 10, 2013, he was sentenced to 135 to 360 months for each conviction, to be served concurrently.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. He claimed: (i) the prosecutor acted vindictively by increasing two original third-degree criminal sexual conduct charges to first-degree criminal sexual conduct after Petitioner rejected a plea offer and defense counsel was ineffective for failing to object; and (ii) the verdict was against the great weight of the evidence. The Michigan Court of Appeals affirmed Petitioner's convictions. People v. Flynn, No. 316325, 2014 WL 6067544 (Mich. Ct. App. Nov. 13, 2014), lv. denied 868 N.W.2d 871 (Mich. 2015).

Petitioner then filed the pending habeas corpus petition, raising these claims:

> I. The prosecutor violated appellant's due process rights and punished the exercise of his constitutional right to trial by moving to increase counts 2 and 3 from third-degree criminal sexual conduct to first-degree after Petitioner declined to plead guilty. Trial counsel was ineffective for failing to object.
>
> II. The verdict finding Petitioner guilty of three counts of first-degree sexual conduct was against the great weight of the evidence.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Thus, the AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011).

The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 102. Furthermore, pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior

4

decision" of the Supreme Court. Id. Habeas relief is not appropriate unless each ground that supported the state-court's decision is examined and found to be unreasonable under the AEDPA. See Wetzel v. Lambert, 132 S. Ct. 1195, 1199 (2012). "If this standard is difficult to meet, that is because it was meant to be." Harrington, 562 U.S. at 102. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. Id. Indeed, section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Id. at 102-03. A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." Woodford v. Viscotti, 537 U.S. 19, 24 (2002). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103. A state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. Id. Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

### III. ANALYSIS

**A. Prosecutorial Vindictiveness and Ineffective Assistance of Counsel (Claim I)**

In his first claim, Petitioner argues that he was the victim of prosecutorial vindictiveness. Petitioner alleges that the prosecutor increased two original third-degree criminal sexual conduct charges to first-degree criminal sexual conduct as punishment for Petitioner's rejection of a plea offer and exercise of his right to a jury trial. He also claims that counsel was ineffective for failing to object to the increased charges.

Respondent argues that Petitioner procedurally defaulted this claim because Petitioner failed to object to the amendment of the information and that the default may not be excused because Petitioner fails to establish cause and prejudice or actual innocence.

Federal habeas relief is precluded on claims that were not presented to the state courts in accordance with the state's procedural rules because the AEDPA requires federal courts to allow state courts a fair opportunity to resolve an alleged constitutional violation. See Wainwright v. Sykes, 433 U.S. 72, 85-87 (1977); Wade v. Timmerman-Cooper, 785 F.3d 1059, 1068 (6th Cir. 2015). "A habeas petitioner procedurally defaults a claim if: (1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default." Guilmette v. Howes, 624 F.3d 286, 290 (6th Cir. 2010) (en banc).

The Michigan Court of Appeals held that this claim was unpreserved because Petitioner did not object to the amended information at trial and reviewed the claim for plain error. Flynn, 2014 WL 6067544 at *1. Finding no plain error, the Michigan Court of Appeals denied the claim. Id. "Michigan's contemporaneous-objection rule is both a well-established and normally enforced procedural rule." Taylor v. McKee, 649 F.3d 446, 450-451 (6th Cir. 2011). Further, "a state appellate court's plain-error review of a procedurally defaulted claim does not waive the procedural

default." Awkal v. Mitchell, 613 F.3d 629, 648 (6th Cir. 2010) (en banc). Petitioner's prosecutorial vindictiveness claim is procedurally defaulted unless he can establish either (1) cause for the default and prejudice from the alleged constitutional violation, or (2) that failure to consider the claims would result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Petitioner asserts ineffective assistance of trial counsel as cause to excuse his default. Ineffective assistance of counsel constitutes "cause" to excuse a default only if "it is 'so ineffective as to violate the Federal Constitution,' Edwards v. Carpenter, 529 U.S. 446, 451 (2000) – i.e. it meets Strickland's ineffectiveness standard." Jones v. Bell, 801 F.3d 556, 562 (6th Cir. 2015) (citing Byrd v. Collins, 209 F.3d 486, 519 (6th Cir. 2000)). The standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), requires Petitioner to demonstrate: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. 466 U.S. at 687. "The standards created by Strickland and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." Harrington, 562 U.S. at 105 (internal citations and quotation marks omitted). "[T]he question is not whether counsel's actions were reasonable"; but whether "there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. If Petitioner meets Strickland's high burden, the Court then considers whether Petitioner has shown "actual prejudice" to excuse the procedural default, a much higher standard than the Strickland prejudice standard. Jones, 801 F.3d at 563.

The Michigan Court of Appeals denied Petitioner's ineffective assistance of trial counsel claim. The state court held that "because the amended charges were warranted and supported by the evidence, and there was no evidence of prosecutorial vindictiveness," any objection to the prosecutor's motion to amend would have been futile. Flynn, 2014 WL 6067544 at *2. The

Michigan Court of Appeals concluded that counsel was not ineffective for failing to raise a meritless objection. Id.

Petitioner fails to show that the state court's decision was contrary to or an unreasonable application of Strickland. As noted by the state court and discussed below, A.T.'s trial testimony provided ample support for the amended charges. In addition, Supreme Court precedent finds no due process violation where the prosecutor files additional or more serious charges against a defendant following failed plea negotiations. Bordenkircher v. Hayes, 434 U.S. 357, 365 (1978) (holding that a "course of conduct engaged in by the prosecutor ... which no more than openly presented the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution, did not violate the Due Process Clause of the Fourteenth Amendment"). Based upon the foregoing, Petitioner fails to show that counsel was ineffective under the Strickland standard. Because Petitioner has not demonstrated cause for his procedural default, it is unnecessary for the Court to reach the prejudice issue. Smith v. Murray, 477 U.S. 527, 533 (1986).

If cause and prejudice are not demonstrated, a procedural default may nevertheless be excused if a petitioner demonstrates that review of his claims "is needed to prevent a fundamental miscarriage of justice." Hodges v. Colson, 727 F.3d 517, 530 (6th Cir. 2013). The fundamental miscarriage of justice exception applies in the extraordinary case where the habeas petitioner demonstrates that the alleged constitutional error probably resulted in the conviction of one who is actually innocent of the underlying offense. Dretke v. Haley, 541 U.S. 386, 388 (2004) (citing Murray, 477 U.S. at 496). "Actual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "To be credible, [a claim of actual innocence] requires [the] petitioner to support his allegations of constitutional error with

new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner makes no such showing here. Therefore, the default is not excused and habeas relief is denied.

### B. Great Weight of the Evidence (Claim II)

In his second claim, Petitioner seeks relief on the ground that the verdict is against the great weight of the evidence. He argues that A.T. is not a truthful person and, in a case that turned on credibility, the evidence showed that A.T. did not testify truthfully.

This claim does not state a federal constitutional claim. Under Michigan law, a trial court may order a new trial "where the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result." People v. Lemmon, 576 N.W.2d 129, 137 (Mich. 1998) (internal quotation omitted). The grant of a new trial under these circumstances is distinct from the due process issues raised by insufficient evidence, and "does not implicate issues of a constitutional magnitude." Id. at 133, n.8. A great weight of the evidence claim alleges an error of state law, which is not cognizable on habeas review. Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (holding that "federal habeas corpus relief does not lie for errors of state law"); Threatt v. Harry, No. 18-1709, 2018 WL 6721774, *2 (6th Cir. Oct. 10, 2018) (holding that a claim that a conviction is against the great weight of the evidence does not present a federal constitutional question).

To the extent that Petitioner intends to raise a claim that insufficient evidence supported his convictions, this claim lacks merit. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the

9

evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he Jackson standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" Brown v. Palmer, 441 F.3d 347, 351 (6th Cir. 2006) (quoting Jackson, 443 U.S. at 324 n.16).

The Court must apply "[t]wo layers of deference" to habeas claims challenging evidentiary sufficiency. McGuire v. Ohio, 619 F.3d 623, 631 (6th Cir. 2010) (citing Brown v. Konteh, 567 F.3d 191, 204-205 (6th Cir. 2009)). First, "deference should be given to the trier-of-fact's verdict, as contemplated by Jackson; [second,] deference should be given to the [state court's] consideration of the trier-of-fact's verdict, as dictated by AEDPA." Tucker v. Palmer, 541 F.3d 652, 656 (6th Cir. 2008) (citation omitted). The Jackson standard is "exceedingly general" and therefore Michigan courts are afforded "considerable leeway" in its application. Davis v. Lafler, 658 F.3d 525, 535 (6th Cir. 2011).

Under Michigan law, the elements of first-degree criminal sexual conduct as charged in this case are: (1) the defendant sexually penetrated another person; (2) the other person was at least 13 but less than 16 years old; and (3) the defendant is a member of the same household as the victim. See Mich. Comp. Laws § 750.520b(1)(b)(i). The Michigan Court of Appeals' decision that the verdict was supported by the great weight of the evidence subsumed a decision on the sufficiency of the evidence. Nash v. Eberlin, 258 F. App'x 761, 764 n.4 (6th Cir. 2007) ("[A] state court's decision on the manifest weight of the evidence subsume[s] a decision on the sufficiency of the evidence."). The Michigan Court of Appeals held that the verdict rested upon the victim's credibility. The state court found the victim testimony was consistent regarding the details of the

crime and noted that Michigan law allows a conviction solely on the basis of the "uncorroborated testimony of a criminal sexual conduct victim." Flynn, 2014 WL 6067544 at *3 (citing People v. Lemmon, 576 N.W.2d at 137 n.22). The Michigan Court of Appeals deferred to the jury's credibility determination and found the verdict supported by sufficient evidence. Id.

Petitioner's argument challenging the sufficiency of the evidence rests upon an attack on the victim's credibility. He points to testimony about the victim's reputation for untruthfulness. But, on habeas review, a federal court "does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003) (citing Marshall v. Lonberger, 459 U.S. 422, 434 (1983)). "A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" McDaniel v. Brown, 558 U.S. 120, 133 (2010) (quoting Jackson, 443 U.S. at 326). The trier of fact clearly resolved questions of credibility in favor of the prosecution in this case. A.T.'s testimony, if believed, established each of the elements of first-degree criminal sexual conduct beyond a reasonable doubt. Petitioner is not entitled to federal habeas corpus relief with respect to this claim.

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that none of the claims in the habeas petition warrant relief. Therefore, the Court denies a certificate of appealability.

### IV. LEAVE TO PROCEED IN FORMA PAUPERIS

The standard for granting an application for leave to proceed in forma pauperis (IFP) is a lower standard than the standard for certificates of appealability. Foster v. Ludwick, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002) (citing United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir. 1997)). While a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F.Supp.2d at 765. The Court finds that an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal. Id.

### V. CONCLUSION

For the reasons set forth above the Court denies the petition for writ of habeas corpus (Dkt. 1), declines to issue a certificate of appealability, and grants leave to appeal in forma pauperis.

SO ORDERED.

Dated: July 25, 2019　　　　　　　　　　　　s/Mark A. Goldsmith
　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge